IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Nathaniel Hallman, ) | |
| ) | Civil Action No. 6:11-907-RMG-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Mrs. Lewis, Officer, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's motion to dismiss (doc. 25) and the plaintiff's motion to dismiss (doc. 34). In his complaint, the plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff alleges that a former staff member at the Federal Correctional Institution ("FCI") located in Bennettsville, South Carolina, violated his constitutional rights by failing to place him in protective custody after he allegedly provided information to her about another inmate. He claims he was assaulted by another inmate and suffered significant dental damage. He seeks $20,000.00 in damages from the defendant, an order directing her to pay for cosmetic surgery to fix his damaged teeth and replace them with porcelain veneer implants, and a downward departure on his sentence.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The defendant filed a motion to dismiss on September 9, 2011, arguing that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6) for lack of subject matter jurisdiction over the individual defendant in her official capacity,

lack of service, failure to state a claim, failure to exhaust his administrative remedies, and because the defendant is entitled to qualified immunity. On September 12, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.

On October 17, 2011, the plaintiff filed his own motion to dismiss, stating as follows, "Comes now Hallman before the courts to hear the motion to dismiss his civil litigation without prejudice." On that same date, the plaintiff filed a motion to hold the case in abeyance until his release from segregation or the Special Housing Unit ("SHU") so that he could adequately respond to the defendant's motion to dismiss. He further requested that if the case was not held in abeyance, "could the courts kindly grant the other motion."

The defendant filed a response in opposition to the plaintiff's motion to dismiss on November 3, 2011. However, the defendant did not oppose an extension of time for the plaintiff to respond to the motion to dismiss.

On November 7, 2011, this court entered an order denying the plaintiff's motion to hold in abeyance but giving the plaintiff an extension of time to respond to the defendant's motion to dismiss until December 7, 2011. This court noted that the plaintiff did not indicate when he might be released from segregation or why he could not respond to the motion to dismiss at that time. This court further stated that no further extensions would be granted. The plaintiff did not timely file any response to the defendant's motion to dismiss, and no further filings have been received from either party.

In her response in opposition to the plaintiff's motion to dismiss, the defendant argues that the case should be dismissed based upon the plaintiff's failure to exhaust his administrative remedies. The defendant further argues, "Having already filed a comprehensive Motion to Dismiss, the Defendant would be prejudiced by having to potentially respond to future litigation on this matter should the voluntary dismissal be

2

granted. As the case is ripe for dismissal with prejudice, the Defendant does not object to an extension of time for Plaintiff to respond to her motion rather than dismissal without prejudice." However, if this court was to recommend that the defendant's motion to dismiss for failure to exhaust administrative remedies be granted, the undersigned would recommend that such a dismissal be without prejudice. Accordingly, this court can see no prejudice to the defendant in granting the plaintiff's motion to voluntarily dismiss this action.

Based upon the foregoing, this court recommends that the plaintiff's motion to dismiss without prejudice (doc. 34) be granted pursuant to Federal Rule of Civil Procedure 41(a)(2). Should the district court adopt this court's recommendation, the defendant's motion to dismiss (doc. 25) will be rendered moot.

IT IS SO RECOMMENDED

s/ Kevin F. McDonald
United States Magistrate Judge

April 18, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.